ANGEL MARTÍNEZ GONZÁLEZ ET AL., Plaintiffs and Appellants, v. LUIS PIRALLO CASTELLANOS, Defendant and Appellee.

No. 8529. Argued November 2, 1942.—Decided November 24, 1942.

*José Sabater* for appellants. *Oscar Castro Rivera* and *E. Báez García* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

This is a motion to dismiss as frivolous an appeal to this court from a judgment of the district court dismissing a complaint for legal redemption of certain real estate.

■■■ Five sisters and their father owned the property in question in common and undividedly in equal shares. Three of the sisters had borrowed money from the appellee. As security therefor, mortgages of their interests in the property had been executed by four of the sisters in favor of the appellee. One of these sisters received no part of the borrowed money. Thereafter, the three sisters who had received the borrowed money from the appellee each sold her respective interest in the property to the appellee at $2,000.00 apiece. The purchase prices were paid by cancellation of the mortgages securing the previous loans, amounting to $4,911.51, and by payments in cash of $1,088.49 to the said three sisters. Each of them received a sum which, when added to the amount of the borrowed money previously received by her, came to $2,000 apiece.

Thereafter, the two remaining sisters and the father, the appellants herein, filed this suit for legal redemption pursuant to §§1411, 1412, 1414, and 1407 of the Civil Code (1930 ed.). Article 1616 of the Law of Civil Procedure for the Islands of Cuba and Puerto Rico, which is still in force in this jurisdiction (*González* v. *Acha et al.,* 21 P.R.R. 124) provides among other things that, in order for a co-owner to maintain an action for legal redemption, "the purchase price, if known, should be deposited, and if unknown, that a bond should be given to insure such deposit when the purchase price became known." The appellants contend that they

have deposited the purchase price by (*a*) depositing in court $1,088.49 in cash, and by (*b*) offering in their complaint to assume responsibility for payment of the mortgages executed in favor of the appellee to secure the aforesaid loans. The district court granted the motion of the appellee to dismiss the complaint on the ground that the appellants failed to comply with §1616.

The lower court was undoubtedly correct in its ruling. The mortgages all having been canceled and the debts which they secured having been satisfied, an offer to assume responsibility therefor could not as a matter of law revive these mortgages. It is not material that one of the appellants, although she did not receive any of the borrowed money, was a co-mortgagor on one of these canceled mortgages which was already past due. There is no possible way in which she could be prejudiced by cancellation thereof.

 The appellants argue that a mortgage executed by one holding an undivided interest in common in property encumbers the entire property. We are unable to see how this argument, even if true, helps the appellants. In any event, it does not represent a correct statement of the law. A mortgage executed by one of a number of owners holding property in common and undividedly encumbers only the mortgagor's individual interest therein. *Martínez* v. *Mora et al.*, 33 P.R.R. 144. A purchaser at a sale upon foreclosure of such a mortgage would succeed to the interest of the co-owner, including his right of partition. Sections 333, 334, Civil Code of Puerto Rico (1930 ed.). Cf. *Benítez* v. *Bank of Nova Scotia*, 110 Fed. (2) 169, 172.

It would seem clear that the purchase price herein was $6,000, which the appellants were required to deposit in order to make their right of legal redemption effective. But even assuming the purchase price was "unknown", §1616 required the posting of a bond to insure ultimate payment thereof. This the appellants likewise failed to do.

The motion to dismiss the appeal as frivolous will be granted.